1 | MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
2 | DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
3 | San Francisco, California  94105-2235
Telephone:  415-591-7500
4 | Facsimile:   415-591-7510

5 | ZOË K. WILHELM (SBN 305932)
zoe.wilhelm@dbr.com
6 | MARSHALL L. BAKER (SBN 300987)
marshall.baker@dbr.com
7 | DRINKER BIDDLE & REATH LLP
1800 Century Park E, Suite 1500
8 | Los Angeles, CA  90067-1517
Telephone:  310-203-4000
9 | Facsimile:   310-229-1285

10 | E. PAUL CAULEY (*pro hac vice* to be filed)
paul.cauley@dbr.com
11 | DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
12 | Dallas, Texas  75201-7367
Telephone:  469-357-2500
13 | Facsimile:   469-327-0860

14 | Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

15 |

16 | UNITED STATES DISTRICT COURT

17 | CENTRAL DISTRICT OF CALIFORNIA

18 |

19 | WALDO LEYVA, individually, and
on behalf of a class of similarly
20 | situated individuals,

Case No. 5:17-cv-01870

21 |               Plaintiff,

**DEFENDANT NISSAN NORTH
AMERICA, INC.'S NOTICE OF
MOTION AND MOTION TO
DISMISS IN PART PLAINTIFF'S
FIRST AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(b)(6);
MEMORANDUM OF POINTS AND
AUTHORITIES**

22 |        v.

23 | NISSAN NORTH AMERICA, INC., a
California corporation,

24 |               Defendant.

25 | 

Dist. Judge:   Hon. Fernando M. Olguin
Mag. Judge:  Hon. Shashi H. Kewalramani

26 |

27 |

Date:  April 5, 2018
Time: 10:00 a.m.
Ctrm: 6D

28 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. 5:17-CV-01870

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 5, 2018, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6D of the above-entitled Court, located at the United States District Court, Central District of California, United States Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles, CA, 90012, Defendant Nissan North America, Inc. ("NNA") will move this Court for an Order dismissing portions of the Complaint of Plaintiff Waldo Leyva ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

NNA's Motion to Dismiss is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Proposed Order filed concurrently herewith, and such oral argument and documentary evidence as may be properly presented at the time of the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 5, 2018.

Dated:  January 12, 2018                DRINKER BIDDLE & REATH LLP


By: /s/ Michael J. Stortz
        Michael J. Stortz
        Zoë K. Wilhelm
        Marshall L. Baker

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 2 -

CASE NO. 5:17-cv-01870

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................ 1

II.     BACKGROUND .................................................................................. 2

    A.   Plaintiff's Alleged Defect. ...................................................... 2

    B.   Plaintiff Broadly Seeks Both Legal Remedies and Equitable Remedies. .................................................................................. 3

III.    LEGAL STANDARD ........................................................................ 4

IV.     LEGAL ARGUMENT ....................................................................... 5

    A.   Plaintiff's Equitable Relief Claims Should Be Dismissed as Adequate Remedies at Law Exist ............................................ 5

    B.   Plaintiff Does Not Adequately Allege a Claim for Restitution or Disgorgement. ...................................................................... 7

        1.   Plaintiff Is Not Entitled to Restitution. .................................... 8

        2.   Plaintiff Is Not Entitled to Nonrestitutionary Disgorgement Under His UCL or Unjust Enrichment Claim. ..................................................................................... 9

    C.   Unjust Enrichment Is Not a Separate Cause of Action Under California Law and, Even If It Were, It Would Be Precluded by the Presence of an Express, Written Contract .................... 10

    D.   Plaintiff's Song-Beverly Act Implied Warranty Claim Fails, Because Plaintiff Has Not Pleaded Facts Sufficient to Establish that His Vehicle Was Not Merchantable. ........................... 11

    E.   Plaintiff's Magnuson-Moss Act Implied Warranty Claim Similarly Fails. ..................................................................... 12

        1.   Plaintiff Failed to Allege Viable State Law Warranty Claims. .................................................................................. 12

        2.   Plaintiff Failed to Use NNA's Informal Dispute Resolution Procedure. ....................................................... 13

    F.   Plaintiff Is Not Entitled to Declaratory Relief. ................... 13

V.      CONCLUSION ................................................................................ 14

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- i -

CASE NO. 5:17-CV-01870

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Suzuki Motor Corp. v. Superior Court*,
37 Cal. App. 4th 1291 (Cal. Ct. App. 1995) ........................................ 11

*Asghari v. Volkswagen Group of America, Inc.*,
42 F. Supp. 3d 1306 (C.D. Cal. 2013)................................................... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................ 4

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ......................................................... 5, 10

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) .............................................................. 4

*Bank of the West v. Super. Ct.*,
2 Cal. 4th 1254 (1992) ........................................................................ 8

*Barakezyan v. BMW of N. Am., LLC*,
2016 WL 2840803 (C.D. Cal. Apr. 7, 2016)...................................... 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................ 4

*Bruaner v. MusclePharm Corp.*,
2015 WL 4747941 (C.D. Cal. Aug. 11, 2015) (Olguin, J.)............... 10

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ............................................................ 4

*Colgan v. Leatherman Tool Group, Inc.*,
135 Cal. App. 4th 663 (2006) ............................................................. 9

*Cont'l Cas. Co. v. Nationwide Ins. Co.*,
2014 WL 12607694 (C.D. Cal. Nov. 3, 2014) ................................... 14

*CYBERsitter, LLC v. Google Inc.*,
905 F. Supp. 2d 1080 (C.D. Cal. 2012)............................................. 10

*Daniel v. Ford Motor Co.*,
806 F.3d 1217 (9th Cir. 2015) ........................................................... 12

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) .......................................................... 11

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- ii -

CASE NO. 5:17-CV-01870

*Durkee v. Ford Motor Co.*,
2014 WL 4352184 (N.D. Cal. Sept. 2, 2014) ...................................................... 6, 7

*Feitelberg v. Credit Suisse First Boston, LLC*,
134 Cal. App. 4th 997 (2005) ............................................................................... 9

*Fonseca v. Goya Foods Inc.*,
2016 WL 4698942 (N.D. Cal. Sept. 8, 2016) ...................................................... 6

*In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab.
Litig.*,
664 F. Supp. 2d 752 (E.D. Mich. 2009) ............................................................ 11

*Gardner v. Safeco Ins. Co. of Am.*,
2014 WL 2568895 (N.D. Cal. June 6, 2014) ...................................................... 6

*Gerlinger v. Amazon.Com, Inc.*,
311 F. Supp. 2d 838 (N.D. Cal. 2004) ............................................................... 11

*Isip v. Mercedes-Benz USA, LLC*,
155 Cal. App. 4th 19 (2007) ............................................................................... 12

*Keegan v. Am. Honda Motor Co.*,
838 F. Supp. 2d 929 (C.D. Cal. 2012) ............................................................... 11

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal.4th 1134 (2003) ..................................................................................... 5, 9

*Kraus v. Trinity Mgmt. Servs., Inc.*,
23 Cal. 4th 116 (2000), *superseded by statute on other grounds* ........................ 9

*Kwikset Corp. v. Super. Ct.*,
51 Cal. 4th 310 (2011) ......................................................................................... 8

*Madrid v. Perot Sys. Corp.*,
130 Cal. App. 4th 440 (2005) ............................................................................... 5

*Mangadin v. Wash. Mut. Bank*,
637 F. Supp. 2d 700 (N.D. Cal. 2009) ............................................................... 14

*Marshall v. Hyundai Motor Am.*,
51 F. Supp. 3d 451 (S.D.N.Y. 2014) .................................................................. 11

*Mathew Enter., Inc. v. FCA US, LLC*,
2016 WL 6778534 (N.D. Cal. Nov. 16, 2016) ..................................................... 4

*McBride v. Boughton*,
123 Cal. App. 4th 379 (2004) ............................................................................ 10

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- iii -

CASE NO. 5:17-CV-01870

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ............................................................................................... 5

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017)............................................................. 5, 6

*In re MyFord Touch Consumer Litig.*,
    46 F. Supp. 3d 936 (N.D. Cal. 2014).................................................................. 13

*Nguyen v. Nissan N. Am., Inc.*,
    2017 WL 1330602 (N.D. Cal. Apr. 11, 2017) .................................................. 6, 7

*Parkinson v. Hyundai Motor Am.*,
    258 F.R.D. 580 (C.D. Cal. 2008) ....................................................................... 13

*Philips v. Ford Motor Co.*,
    2015 WL 4111448 (N.D. Cal. July 7, 2015) ....................................................... 5

*R Power Biofuels, LLC v. Chemex LLC*,
    2016 WL 6663002 (N.D. Cal. Nov. 11, 2016)..................................................... 4

*Rhynes v. Stryker Corp.*,
    2011 WL 2149095 (N.D. Cal. May 31, 2011) ..................................................... 6

*Salas v. Toyota Motor Sales USA Inc.*,
    2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) (Olguin, J.) ............................. 5, 6

*Sanbrook v. Office Depot, Inc.*,
    2008 WL 1994884 (N.D. Cal. May 5, 2008) ....................................................... 8

*ThyssenKrupp Materials NA, Inc. v. Jinchuan (U.S.A.) Inc.*,
    2015 WL 12914364 (C.D. Cal. Aug. 5, 2015) ................................................... 10

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009).......................................................................................... 9

*Trazo v. Nestle USA, Inc.*,
    113 F. Supp. 3d 1047 (N.D. Cal. 2015)............................................................. 10

*Troup v. Toyota Motor Corp.*,
    545 Fed. Appx. 668 (9th Cir. 2013) .................................................................. 12

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ............................................................................... 2

*Wilton v Seven Falls Co.*,
    515 U.S. 277 (1995) ........................................................................................... 14

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- iv -

CASE NO. 5:17-CV-01870

## STATUTES, RULES & REGULATIONS

15 U.S.C. §2301, *et. seq.* ............................................................................ 13

15 U.S.C. § 2303 *et seq.* ............................................................................... 3

15 U.S.C. § 2310(a)(1) ................................................................................ 13

15 U.S.C. § 2310(a)(3) ................................................................................ 13

12 Cal. Civ. Code § 1791.1(a)(2) ............................................................ 3, 11

12 Cal. Civ. Code § 1792 ........................................................................ 3, 11

CA Bus. & Prof. Code § 17203 .................................................................... 9

Fed. R. Civ. P. 12(b)(6) ................................................................................ 4

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- v -

CASE NO. 5:17-CV-01870

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Waldo Leyva brings this lawsuit despite the fact that he operated his 2015 Nissan Sentra for over 64,000 miles in just two years of ownership.  When his transmission needed to be replaced, he only had to pay $100 and he now has a new transmission.   Nevertheless, he complains about the continuously variable transmission (CVT) of his Nissan Sentra, which he claims to be defective due to an "inadequate cooling system."  On this basis, he presents a 5-count First Amended Complaint ("FAC") against Nissan North America, Inc., ("NNA") and asserts claims for himself and on behalf of a putative nationwide class of purchasers, or in the alternative, on behalf of three California subclasses of purchasers and lessees.

Plaintiff's broad claims for equitable relief—including claims for unjust enrichment, restitution, disgorgement, and an injunction—should be dismissed because adequate remedies exist at law.  Plaintiff's claim for restitution separately fails because he cannot establish that NNA acquired any of his money or property. Nonrestitutionary disgorgement is not available under either the UCL or unjust enrichment claims.  Furthermore, unjust enrichment is not a separate cause of action under California law, and any quasi-contractual remedy is precluded by the presence of an express contract.

Plaintiff's implied warranty claims are precluded because Plaintiff's vehicle, which was safely driven for more than 60,000 miles in two years, was merchantable as a matter of law, and Plaintiff failed to utilize the informal dispute resolution program that NNA requires for Magnuson-Moss Warranty Act claims.

Finally, Plaintiff's prayer for declaratory relief simply duplicates the legal claims and does not purport to provide guidance for the parties' future conduct. Plaintiff's prayer for such relief should therefore be dismissed.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

CASE NO. 5:17-CV-01870

## II.    BACKGROUND

### A.    Plaintiff's Alleged Defect.

Leyva alleges that he purchased a 2015 Nissan Sentra equipped with a CVT, which he alleges has some unspecified defect.  FAC ¶ 15.  His vehicle was "backed by a New Vehicle Limited Warranty" that "cover[ed] any repairs needed to correct defects in materials or workmanship of covered parts."  FAC ¶ 127.[1]

Despite the hyperbolic phrase "transmission failure" repeatedly employed in the FAC, Leyva does not report any sort of mechanical breakdown precluding the use of the vehicle as transportation.  On the contrary, the facts alleged by Plaintiff show continuous, very heavy use of the vehicle in question.  He logged over 64,000 miles in less than two years.  *Id.* ¶ 19.  Although Plaintiff's vehicle allegedly had "trouble getting up to speed" after he purchased it (*id.*), Plaintiff does not allege that the vehicle had any condition that required repair, or that he expended any money for diagnosis or repair of transmission issues during the warranty period.  Leyva does not allege that it failed to provide reliable transportation, that he ceased using his vehicle, or that it was unavailable for any significant period.

Rather, the only reason he went to his dealer was that, after almost two years of use during which he drove 64,450 miles, the check engine light came on.  *Id.* ¶ 19.  Leyva alleges that the transmission "failed" during a test drive by a service technician, and the technician informed Leyva that the transmission would need to be replaced.  *Id*.  He does not and cannot allege that he was ever personally at risk.

Plaintiff alleges that his deductible for the repair "was $100." He does not allege that he paid the $100 deductible to NNA, and he does not claim to have incurred any other cost associated with this transmission.

---

[1] A true and correct copy of this New Vehicle Limited Warranty is attached as Exhibit A to NNA's accompanying Request for Judicial Notice ("RJN").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**B.** **Plaintiff Broadly Seeks Both Legal Remedies and Equitable Remedies.**

Leyva seeks to represent a putative nationwide class of "[a]ll individuals in the United States who purchased or leased any 2012–2017 Nissan Sentra equipped with an Xtronic CVT" as well as three California-based subclasses. FAC ¶ 73. On behalf of himself and these putative classes, Plaintiff asserts violations of the CLRA and the UCL, breach of implied warranty under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Warranty Act"), Cal. Civ. Code §§ 1792 and 1791.1 *et seq.*, breach of implied warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2303 *et seq.*, and unjust enrichment. *Id.* ¶¶ 80–141.

Plaintiff seeks remedies at law under the CLRA, the Song-Beverly Warranty Act, and the Magnuson-Moss Warranty Act and in the Prayer for Relief. Under the CLRA, Plaintiff "seeks monetary, compensatory, and punitive damages." *Id.* ¶ 96. Under the Song-Beverly Warranty Act, Plaintiff alleges that he and the putative class "suffered an ascertainable loss of money, property and/or value of their Class Vehicles" and that they "were harmed and suffered actual damages." *Id.* ¶ 120. Under the Magnuson-Moss Warranty Act, Plaintiff alleges that his individual damages "exceed the sum or value of $25,000" (*id.* ¶ 131), and that he and the putative class "are entitled to recover actual damages, consequential damages, specific performance, diminution in value, costs, attorneys' fees and other relief as appropriate." *Id.* ¶ 133. *See also id.* ¶ 134 ("Plaintiff and Class Members have incurred damages."). In his Prayer for Relief, Plaintiff seeks "compensatory, exemplary, and statutory damages." *Id.* ¶ 141(e).

In addition to the broad legal relief, Plaintiff seeks a variety of equitable remedies in the form of restitution, disgorgement, and injunctive relief. Plaintiff seeks restitution under his UCL, CLRA, and unjust enrichment claims. *Id.* ¶¶ 63, 69, 94–96, 112, 138, 141(h). Plaintiff further explains that "[a]s equitable relief under the UCL and CLRA, [he] seeks restitution in the form of disgorgement of profits into

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 3 -

CASE NO. 5:17-CV-01870

1   a fluid recovery fund." *Id.* ¶ 63.   Plaintiff also seeks a variety of injunctions,

2   including to compel a recall, to require NNA "to remove, repair, and/or replace" the

3   alleged defect in the Class Vehicles, and "to issue warnings to Class Members . . .

4   regarding known problems with the CVT transmission in the Class Vehicles." *Id.*

5   ¶¶ 69, 141(c).

6   **III.   LEGAL STANDARD**

7   Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move

8   to dismiss an action for failure to allege "enough facts to state a claim to relief that is

9   plausible on its face." *Mathew Enter., Inc. v. FCA US, LLC*, 2016 WL 6778534, at

10   *4 (N.D. Cal. Nov. 16, 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

11   (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

12   allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged.   The plausibility standard is not akin to a 'probability

14   requirement,' but it asks for more than a sheer possibility that a defendant has acted

15   unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

16   "Dismissal under Rule 12(b)(6) may be based on either (1) the 'lack of a

17   cognizable legal theory,' or (2) 'the absence of sufficient facts alleged under a

18   cognizable legal theory.'"  *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL

19   6663002, at *3 (N.D. Cal. Nov. 11, 2016) (quoting *Balistreri v. Pacifica Police

20   Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  And dismissal should be with prejudice

21   where a "plaintiff's proposed amendments would fail to cure the pleading

22   deficiencies and amendment would be futile." *Cervantes v. Countrywide Home

23   Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 4 -

CASE NO. 5:17-CV-01870

## IV.   **LEGAL ARGUMENT**

### A.   **Plaintiff's Equitable Relief Claims Should Be Dismissed as Adequate Remedies at Law Exist**

As the United States Supreme Court has observed, "[i]t is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) (internal citations omitted). "Consequently '[a] plaintiff seeking equitable relief . . . must establish that there is no adequate remedy at law available.'" *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (quoting *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015)).

Leyva's UCL claim is limited by statute to equitable remedies. *See Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452 (2005) ("'[I]t is well established that individuals may not recover damages' under the UCL.") (quoting *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal.4th 1134, 1150 (2003) (alterations added)). Leyva's CLRA claim seeks equitable relief. FAC ¶¶ 63, 96. And Plaintiff seeks the equitable remedy of restitution through an unjust enrichment claim. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (holding unjust enrichment is "synonymous with 'restitution'"). Plaintiff also seeks equitable remedies under the CLRA and under the Song Beverly Warranty Act. FAC ¶¶ 63, 68–69.

This Court recently addressed nearly identical issues presented here in *Salas v. Toyota Motor Sales USA Inc.*, 2016 WL 7486600 (C.D. Cal. Sept. 27, 2016) (Olguin, J.). The plaintiffs in *Salas*—like Plaintiff here—sought damages under the CLRA, Song-Beverly Act, and Magnuson-Moss Act arising out of allegedly defective vehicle components. *Compare id.* at *1, *with* FAC ¶¶ 80-96, 113–134. At the same time, the plaintiffs requested "equitable relief in the form of restitution and injunctive relief" and brought a claim for unjust enrichment. *Id.* at *13. The court dismissed plaintiff's unjust enrichment and UCL claims, and the CLRA claim "to the extent it seeks

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 5 -

CASE NO. 5:17-CV-01870

restitution, injunctive relief, or any other equitable remedy" because plaintiffs had an adequate remedy at law.  *Id.* at *14.  The same result should follow here.

In addition, "several courts in [the Northern District] have barred claims for equitable relief—including claims for violations of California consumer protection statutes—at the motion to dismiss stage where plaintiffs have alleged other claims presenting an adequate remedy at law."  *Munning*, 238 F. Supp. 3d at 1195; *see also Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *4 (N.D. Cal. Apr. 11, 2017) (dismissing claims for equitable relief under the CLRA and UCL, because plaintiff's other claims provided an adequate remedy at law); *Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (dismissing claims for equitable relief under the CLRA and UCL, because plaintiff's other claims presented her with an adequate remedy at law); *Durkee v. Ford Motor Co.*, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014) ("Because the UCL provides for only equitable remedies, and plaintiffs have an adequate remedy at law for the alleged Song–Beverly Act violation, plaintiff's UCL claim must be dismissed."); *Gardner v. Safeco Ins. Co. of Am.*, 2014 WL 2568895, at *7 (N.D. Cal. June 6, 2014) (dismissing UCL claim and explaining that "the money damages available to [the plaintiff] in the event he prevails on his claims for breach of contract and breach of the implied covenant of good faith and fair dealing may provide an adequate remedy [at law]."); *Rhynes v. Stryker Corp.*, 2011 WL 2149095, at *3 (N.D. Cal. May 31, 2011) (dismissing plaintiffs' UCL claim because "money damages will provide Plaintiffs with an adequate remedy if they prevail on their products liability claims").

To support a claim of inadequacy, a plaintiff must do more than simply allege that equitable remedies exist, but instead must allege specific facts to show that the remedies are inadequate.  *Nguyen*, 2017 WL 1330602, at *5 (N.D. Cal. Apr. 11, 2017).  For example, in a similar case against NNA, the Northern District of California rejected an allegation that "'damages are not an adequate remedy where, as here, a workable fix has been identified' by third parties; where restitutionary

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 6 -

CASE NO. 5:17-CV-01870

disgorgement can fund a repair program; and where the Court can compel Nissan to make the repair." *Id.*

Plaintiff's FAC seeks adequate legal remedies.  *E.g.*, FAC ¶¶ 96, 121, 134, 141(d)–(f).  Like the plaintiff in *Nguyen*, Plaintiff does not plead facts to support his contention that these legal remedies are inadequate.  Plaintiff pleads that damages are inadequate "because the alleged violation and resulting harm create an ongoing safety concern or continuing harm to Class Members that can only be remedied through equitable relief" and "because it fails to address Nissan's unjust enrichment in that Nissan profited from its unlawful business practices at Plaintiff and the Class's expense."  FAC ¶¶ 66–67.  However, any alleged "ongoing safety concern" to Plaintiff—if there were one—would be eliminated by repairing the alleged defect, which Plaintiff himself acknowledges cost him only $100.  *Id.* ¶ 19.

Nor can Plaintiff amend his complaint to plead inadequacy.  Plaintiff's legal remedies—including damages pursuant to the Song-Beverly Act and Magnuson-Moss Act—are adequate as a matter of law.  *See Nguyen*, 2017 WL 1330602, at *4; *accord Durkee*, 2014 WL 4352184, at *3.  Accordingly, Plaintiff's UCL and unjust enrichment claims—which seek only equitable relief—should be dismissed and Plaintiff's Song-Beverly Warranty Act and CLRA claims should be dismissed to the extent that they seek equitable relief.

## B.   Plaintiff Does Not Adequately Allege a Claim for Restitution or Disgorgement.

Plaintiff seeks restitution under his purported causes of action for unjust enrichment and under the UCL and CLRA.  FAC ¶¶ 63, 65, 112, 139–40, 141(g).  However, in describing the restitution, Plaintiff appears to actually be seeking nonrestitutionary disgorgement.  *See* FAC ¶ 63 (describing disgorgement of profits as separate from "compensation to pay Class members").  Regardless, Plaintiff is not entitled to either restitution or nonrestitutionary disgorgement.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 7 -

CASE NO. 5:17-CV-01870

### *1.     Plaintiff Is Not Entitled to Restitution.*

Restitution "is confined to restoration of any interest in 'money or property, real or personal, which may have been *acquired* by means of such unfair competition.'" *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 336 (2011) (emphasis in original) (internal citations omitted).  If a court awards restitution against a defendant, the order "requires both that money or property have been lost by a plaintiff, on the one hand, ***and that it have been acquired by a defendant***, on the other." *Id.* (emphasis added).  *See also Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254 (1992) (with restitution, "defendant is asked ***to return*** something he wrongfully received") (emphasis added).

Plaintiff fails to allege that he provided any gain to NNA and therefore cannot state a claim for restitution.  Plaintiff allegedly was responsible for a $100 deductible if Pedder Nissan was to replace his transmission.  FAC ¶ 19.  Plaintiff fails to specifically allege that he paid that deductible, to whom he paid it, or whether Pedder Nissan in fact replaced the transmission.  *Id.*  Nor does he allege that he was charged for this repair by NNA.  *Id.*  As NNA has not "acquired" anything from Plaintiff through payments to repair his vehicle, Plaintiff's equitable remedy of restitution fails.  *See, e.g.*, *Sanbrook v. Office Depot, Inc.*, 2008 WL 1994884, at *5 (N.D. Cal. May 5, 2008) ("The money Sanbrook paid for third-party repair is not money that *Office Depot* obtained through any alleged unfair business practice.  Therefore, Sanbrook does not have standing to seek restitution under the UCL based on the allegations of her complaint.") (emphasis in original).

Similarly, any claim based on the value of the vehicle would fail because Plaintiff does not allege that he purchased his vehicle from NNA.  Rather, Plaintiff alleges that he purchased his vehicle from Pedder Nissan, a separate legal entity.  FAC ¶ 15.  Nor does he allege that NNA indirectly benefitted from his purchase.  For example, he does not allege that Pedder Nissan paid NNA for his vehicle using funds received by Plaintiff.  Restitution is only available where the sum at issue can "clearly

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 8 -

CASE NO. 5:17-CV-01870

be traced to particular funds or property in the defendant's possession." *Colgan v. Leatherman Tool Group, Inc.,* 135 Cal. App. 4th 663, 699 (2006). *See also Asghari v. Volkswagen Group of America, Inc.*, 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013) (dismissing UCL restitution claim because purchase price of vehicle could not be traced to funds in defendant's possession).

### 2.    Plaintiff Is Not Entitled to Nonrestitutionary Disgorgement Under His UCL or Unjust Enrichment Claim.

There are two types of disgorgement. Restitutionary disgorgement is "focus[ed] . . . on the plaintiff's loss" and "is typified by the situation where 'the disgorged money or property [came] from the prospective plaintiff in the first instance.'" *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1013 (2005) (quoting *Korea Supply*, 29 Cal. 4th at 1152). "By contrast, with non-restitutionary disgorgement, the focus is on the defendant's gain from the unfair practice; the plaintiff need not have suffered a loss." *Feitelberg*, 134 Cal. App. 4th at 1013. As discussed above, restitutionary disgorgement is not available to Plaintiff because he has not alleged that NNA received money or property from him.

A claim for nonrestitutionary disgorgement is fundamentally a claim for damages. *Korea Supply*, 29 Cal. 4th at 1150. It therefore "is not available under the UCL, regardless of whether the claim is prosecuted as a class action." *Feitelberg*, 134 Cal. App. 4th at 1016 (thoroughly examining why nonrestitutionary disgorgement is not available under the UCL). *See also Korea Supply*, 29 Cal. 4th at 1150. Indeed, the California Supreme Court held that the UCL does not authorize orders for disgorgement of profits into a fluid recovery fund. *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 129 (2000), *superseded by statute on other grounds*; *In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009*)* ("In *Kraus*, we concluded that section 17203 does not allow a court to order disgorgement into a fluid recovery fund.")

Nonrestitutionary disgorgement is a similarly inappropriate remedy for an unjust enrichment claim, to the extent that such a claim exists. To the extent that a

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 9 -

CASE NO. 5:17-CV-01870

1   claim of unjust enrichment is allowed, it is a claim for restitution, which, as explained

2   above, is distinct from nonrestitutionary disgorgement.  *See Trazo v. Nestle USA,*

3   *Inc.*, 113 F. Supp. 3d 1047, 1052 (N.D. Cal. 2015) (allowing a claim for "restitution

4   based on unjust enrichment/quasi-contract, but not . . . a claim for damages in the

5   form of nonrestitutionary disgorgement").[2]

6       C.   **Unjust Enrichment Is Not a Separate Cause of Action Under**
7           **California Law and, Even If It Were, It Would Be Precluded by the Presence of an Express, Written Contract.**

8       As this Court repeatedly has recognized, "'[u]njust enrichment is not a cause

9   of action, however, or even a remedy, but rather a general principle, underlying

10  various legal doctrines and remedies.'"  *ThyssenKrupp Materials NA, Inc. v.*

11  *Jinchuan (U.S.A.) Inc.*, 2015 WL 12914364, at *1 (C.D. Cal. Aug. 5, 2015)

12  (dismissing unjust enrichment claim) (quoting *McBride v. Boughton*, 123 Cal. App.

13  4th 379, 387 (2004)); *Bruaner v. MusclePharm Corp.*, 2015 WL 4747941, at *13-14

14  (C.D. Cal. Aug. 11, 2015) (Olguin, J.) (dismissing unjust enrichment cause of action

15  without leave to amend).  *See also CYBERsitter, LLC v. Google Inc.*, 905 F. Supp.

16  2d 1080, 1088 (C.D. Cal. 2012) ("Generally, federal courts in California have ruled

17  that unjust enrichment is not an independent cause of action because it is duplicative

18  of relief already available under various legal doctrines.").  *See also Astiana v. Hain*

19  *Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("As the district court

20  correctly noted, in California, there is not a standalone cause of action for 'unjust

21  enrichment' . . . .").  Accordingly, Plaintiff's cause of action for unjust enrichment

22  should be dismissed with prejudice.

23      The Ninth Circuit has suggested that an unjust enrichment claim may be

24  construed as a quasi-contract claim seeking restitution.  *Astiana*, 783 F.3d at 762.

25  Here, however, a quasi-contract claim is precluded by the existence of a valid and

26

27       [2] While NNA does not move to dismiss the CLRA claim for damages—
28  including nonrestitutionary disgorgement—NNA will demonstrate at a later stage of the litigation that no such claim exists.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 10 -

CASE NO. 5:17-CV-01870

1   enforceable written contract governing the particular subject matter.  *See Gerlinger*

2   *v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838 (N.D. Cal. 2004).

3        Here, Plaintiff expressly pleads that NNA issues a written warranty in

4   conjunction with the sale of vehicles.  FAC ¶ 127 ("Every class vehicle is backed by

5   a New Vehicle Limited Warranty . . . .").  Such written warranty directly addresses

6   NNA's responsibility for any defects and establishes that it must repair or replace

7   defects only during the time periods and mileage limitations that are set forth in the

8   warranty.  *Id.*  Consequently, the existence of the warranty, the existence and validity

9   of which is not in dispute, precludes the application of any quasi-contractual theory

10  such as unjust enrichment.  *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370

11  (2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties

12  have an enforceable express contract.").  *See also In re Ford Motor Co. Speed*

13  *Control Deactivation Switch Prods. Liab. Litig.*, 664 F. Supp. 2d 752, 764 (E.D.

14  Mich. 2009) (California law); *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451,

15  472 (S.D.N.Y. 2014).

16      **D.    Plaintiff's Song-Beverly Act Implied Warranty Claim Fails,**
        **Because Plaintiff Has Not Pleaded Facts Sufficient to Establish that**
17      **His Vehicle Was Not Merchantable.**

18      The Song-Beverly Act provides that manufacturers must impliedly warrant that

19  goods are merchantable, which means that the goods "[a]re fit for the ordinary

20  purposes for which such goods are used." 12 Cal. Civ. Code §§ 1792, 1791.1(a)(2).

21  Under the Song–Beverly Act, the implied warranty of merchantability "requires only

22  that a vehicle be reasonably suited for ordinary use." *Keegan v. Am. Honda Motor Co.*,

23  838 F. Supp. 2d 929, 945 (C.D. Cal. 2012). "It need not be perfect in every detail so

24  long as it 'provides for a minimum level of quality.'" *Id.* (citation omitted); *see also*

25  *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (Cal. Ct. App.

26  1995) ("Courts in other jurisdictions have held that in the case of automobiles, the

27  implied warranty of merchantability can be breached only if the vehicle manifests a

28  defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 11 -

CASE NO. 5:17-CV-01870

transportation."). Courts have held that defects based on mere annoyances do not render a vehicle unmerchantable. *See Barakezyan v. BMW of N. Am., LLC*, 2016 WL 2840803, at \*9–\*10 (C.D. Cal. Apr. 7, 2016) (dismissing implied warranty of merchantability claim where brakes emitted "long, high-pitched noise" but the vehicle "provide[d] transportation from one point to another and stop[ped]" when needed); *see also Troup v. Toyota Motor Corp.*, 545 Fed. Appx. 668, 669 (9th Cir. 2013) (affirming dismissal of claim where "defect did not compromise the vehicle's safety, render it inoperable, or drastically reduce its mileage range").

Although Plaintiff's vehicle allegedly had "trouble getting up to speed" after he purchased it (FAC ¶ 19), this "trouble" was apparently not serious enough to warrant taking it to be diagnosed and repaired. Rather, Plaintiff drove approximately 64,450 miles in nearly two years. *Id.*

"Trouble getting up to speed" and unspecified transmission "failure" after two years of extremely heavy vehicle usage do not establish that a vehicle is not merchantable. Plaintiff's vehicle did more than "provide[] transportation from point A to point B." *See Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (2007). It did so for over 64,000 miles, without any transmission problems that led Plaintiff to take the vehicle in for repairs. Plaintiff's implied warranty claim under the Song-Beverly Act fails as a matter of law.

**E.     Plaintiff's Magnuson-Moss Act Implied Warranty Claim Similarly Fails.**

**1.     Plaintiff Failed to Allege Viable State Law Warranty Claims.**

"Claims under the Magnuson-Moss [] Act stand or fall with . . . implied warranty claims under state law." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015). Because Plaintiff's Song-Beverly Act claim fails as a matter of law, he cannot bring an implied warranty claim under the Magnuson-Moss Act.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

- 12 -

CASE NO. 5:17-CV-01870

### 2. *Plaintiff Failed to Use NNA's Informal Dispute Resolution Procedure.*

The Magnuson-Moss Act requires consumers to avail themselves of any informal dispute resolution procedures established by warrantors prior to suing under the act. 15 U.S.C. § 2310(a)(1). Claims by consumers who have not availed themselves of such informal dispute resolution procedures must be dismissed. *Id.* § 2310(a)(3); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 989 (N.D. Cal. 2014) (dismissing claim for failure to allege compliance); *see also Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 593 (C.D. Cal. 2008) (acknowledging "strong presumption in favor of encouraging alternative dispute resolution" under the Act and declining to excuse plaintiffs' failure to use it).

NNA's Warranty includes the following provision:

> Nissan makes available to you, and you are specifically required by Federal Law to use BBB AUTO LINE [(800) 955-5100] before exercising rights or seeking remedies under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et. seq.

RJN, Exhibit A at 5.  Plaintiff did not allege that he complied with this informal dispute resolution requirement.  Therefore, he cannot maintain an action under the Magnuson-Moss Act and his claim must be dismissed.

### F. **Plaintiff Is Not Entitled to Declaratory Relief.**

The declaratory judgments sought in the Complaint pertain entirely to NNA's alleged liability for its alleged past actions.  Plaintiff seeks "[a] declaration requiring Defendant to comply with the various provisions of the Song-Beverly Act alleged herein and to make all the required disclosures" (FAC ¶ 141(c)), which simply duplicates (and explicitly references) Plaintiff's implied warranty claim.  Plaintiff also seeks "[a] declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the CVT, including the need for periodic maintenance." FAC ¶ 141(a).  This declaratory relief mirrors Plaintiff's request for an injunction to compel NNA to recall and repair Class Vehicles and notify Class

1   Members of an updated warranty.  FAC ¶ 141(b).  Finally, Plaintiff's request for a

2   "declaration that Defendant must disgorge, for the benefit of the Class, all or part of

3   the ill-gotten profits it received from the sale or lease of its Class Vehicles or make

4   full restitution to Plaintiff and Class Members," FAC ¶ 141(g), is not more than a

5   request for restitution, which, as discussed above, must be denied.

6        A court properly exercises its discretion by declining to entertain a claim for

7   declaratory relief if a declaratory judgment would serve no useful purpose.  *See Wilton*

8   *v Seven Falls Co.*, 515 U.S. 277, 288 (1995).  Where an adequate legal remedy exists

9   or the declaratory claims only serve to duplicate more-germane causes of action, the

10   court should decline to exercise its jurisdiction.  *Cont'l Cas. Co. v. Nationwide Ins.*

11   *Co.*, 2014 WL 12607694, at *7 (C.D. Cal. Nov. 3, 2014) (collecting cases).  *See also*

12   *Mangadin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009)

13   (explaining declaratory relief that is commensurate with relief sought through other

14   causes of action is duplicative and unnecessary).  The present case is a classic example

15   of request for declaratory relief that brings no issue to the table beyond those covered

16   by other, more substantive causes of action.  If Plaintiff proves his claims, a declaratory

17   judgment would add nothing to his relief.  If, as NNA expects, he fails to prove his

18   claims, he would not be entitled to declaratory relief in any event.  The prayer for a

19   declaratory judgment serves no purpose and should be dismissed.

20   **V.**    **CONCLUSION**

21        For the reasons set forth herein, Plaintiff's UCL, Song-Beverly Warranty Act,

22   Magnuson-Moss Warranty Act and unjust enrichment claims should be dismissed

23   with prejudice and Plaintiff's CLRA claim should be dismissed with prejudice to the

24   extent that it seeks equitable remedies.

25        / / /

26        / / /

27        / / /

28        / / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT    - 14 -    CASE NO. 5:17-cv-01870

1    Dated:  January 12, 2018                    DRINKER BIDDLE & REATH LLP

2

3                                                By: /s/ Michael J. Stortz
                                                     Michael J. Stortz
4                                                    Zoë K. Wilhelm
                                                     Marshall L. Baker
5
                                                 Attorneys for Defendant
6                                                NISSAN NORTH AMERICA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT NNA'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT                - 15 -                CASE NO. 5:17-CV-01870